**Albert D. THROWER, Plaintiff–Appellant,**

v.

**Marcia J. MENGEL; Richard Gojdics; Thomas J. Moyer, Chief Judge; Bill Lee; Elise W. Porter; Betty Montgomery; Charles L. Wille; Marc Gunias, D.C.; Roger A. Sours Company, Inc.; Tom Conway, Defendants–Appellees.**

No. 01–3207.

United States Court of Appeals, Sixth Circuit.

Sept. 27, 2001.

Before KENNEDY, GUY, and BOGGS, Circuit Judges.

Albert D. Thrower, a pro se Ohio prisoner, appeals a district court order and judgment dismissing his amended civil rights complaint filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Thrower, a frequent litigant in the Ohio and federal courts, is incarcerated pursuant to a 1989 guilty plea to various state drug charges. In his current complaint, as amended, he sued, *inter alia*, two Ohio Supreme Court Clerks, an Ohio Supreme Court Deputy Clerk, Chief Justice Moyer, the Ohio Attorney General, the Assistant Ohio Attorney General, and two members of the Civil Rights Division of the U.S. Department of Justice. Thrower alleged that the various defendants violated and

conspired to violate his rights under the First, Fifth, Eighth, and Fourteenth Amendments, and the Civil RICO statute; that two of the defendants retaliated against him for filing this lawsuit when he was left out of a settlement offer in an unrelated Ohio Court of Claims case; committed the state law torts of falsification, obstruction, and tampering with records; and violated the Code of Professional Responsibility. These claims arose out of an alleged Ohio Supreme Court misdocketing on December 11, 1991, of Thrower's self-styled "Motion for Leave to File Out of Rule" as a "Motion for Delayed Appeal" in his criminal case; the motion was subsequently denied. Thrower claimed that, had his motion been properly docketed and ruled upon, he would have been entitled to relief when he filed a federal habeas corpus petition in 1995. Thrower sought declaratory and injunctive relief, as well as $250 million in damages.

In a report filed on July 19, 2000, a magistrate judge recommended that Thrower's motion to amend his complaint be granted but that the amended complaint be dismissed as untimely. The magistrate judge further recommended that the retaliation claim against defendants Montgomery and Wille be dismissed for failure to state a claim; that to the extent Thrower sought to challenge his conviction, the complaint was not cognizable under § 1983 pursuant to *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994); and that the state tort claims be dismissed without prejudice. The district court overruled Thrower's objections, adopted the magistrate judge's report, and dismissed the complaint with prejudice, citing 28 U.S.C. § 1915A, in an order and separate judgment entered on February 12, 2001.

On appeal, Thrower argues that the district court erred in applying the statute of limitations to bar his complaint.

Upon review, we affirm the district court's order and judgment for the reasons stated therein. A prisoner's civil complaint should be dismissed if it is frivolous, malicious, or fails to state a cognizable claim, or if the prisoner seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). This court reviews *de novo* the district court's decision to dismiss a complaint pursuant to § 1915A. *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.1997).

The district court did not err in dismissing Thrower's complaint as time-barred. The limitations period for § 1983 actions arising in Ohio is the two-year period found in Ohio Rev.Code § 2305.10. *Kuhnle Bros. v. County of Geauga*, 103 F.3d 516, 519 (6th Cir.1997); *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir.1996). Except for his retaliation claim, Thrower's cause of action accrued on December 11, 1991, when the Ohio Supreme Court docketed his motion. At the very latest, it accrued sometime in 1995, when the state cited the denial of the "misdocketed" motion in its brief in Thrower's federal habeas corpus action. *See Collyer*, 98 F.3d at 220. Thrower's complaint was originally tendered on January 31, 2000, far beyond even the later limitations period.

In his amended complaint, Thrower claimed that defendants Montgomery and Wille retaliated against him for filing the instant lawsuit by somehow influencing the state to refuse to offer him a settlement in an unrelated Court of Claims case. That claim is not barred by the statute of limitations. Nonetheless, it was properly dismissed because it consists of a wholly conclusory allegation that fails to satisfy the elements of a prima facie case. *See Thaddeus–X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc); *see also O'Hara v.*

*Wigginton,* 24 F.3d 823, 826–27 (6th Cir. 1994); *Gutierrez v. Lynch,* 826 F.2d 1534, 1538 (6th Cir.1987).

Finally, the supplemental state law claims were properly dismissed once the federal claims were dismissed, although the district court's judgment should have specified (as did the magistrate judge's report) that they were dismissed without prejudice. *See Faughender v. City of North Olmsted, Ohio,* 927 F.2d 909, 917 (6th Cir.1991).

Accordingly, the district court's judgment is affirmed, with the clarification that Thrower's supplemental state tort claims are dismissed without prejudice. Rule 34(j)(2)(C), Rules of the Sixth Circuit.